UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD L. SANDERS, | ) |
| Plaintiff, | ) ) ) |
|  | ) No. 04 C 4967 |
| v. | ) ) Judge John W. Darrah |
| EXPRESS LATINO O'HARE, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Edward Sanders, filed suit against Defendant, Express Latino O'Hare, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), employment discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), and a violation of the Family Medical Leave Act ("FMLA"). Presently pending before the court is the Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff has also filed a Motion to File a Second Amended Complaint, and Defendant has filed a Motion to Stay Discovery.

### BACKGROUND

A reading of Sanders' Amended Complaint supports the following summary of the alleged conduct of the parties.

Plaintiff was employed as a shuttle bus driver by Defendant for over two years. During the summer of 2002, Plaintiff informed Defendant of his wife's serious medical condition. Plaintiff informed the Defendant that in order to care for his wife, Plaintiff would have to miss parts of certain work days. After arriving late to work on August 25, 2002, Defendant terminated Plaintiff's employment.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging employment discrimination based on Plaintiff's race and age. Shortly thereafter, Plaintiff notified the EEOC and the post office of his change of address. On February 28, 2003, the EEOC issued Plaintiff a right-to-sue letter based on his charges. The EEOC addressed the letter to Plaintiff's former address. Plaintiff did not receive the letter until May 3, 2004. Plaintiff filed the original Complaint in this matter on July 29, 2004, and an amended Complaint on April 29, 2005.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and

summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

The Defendant presents several arguments as to why Plaintiff's Amended Complaint should be dismissed.

## FMLA Claim

The Defendant argues that the Plaintiff's FMLA claim should be dismissed because it was not filed within the time permitted by the statute.

Claims brought under the FMLA must be brought within two years of the alleged violation, or within three years if that violation was willful. "An action may be brought under this section not later than two years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). If a claim is brought for a willful violation of the FMLA, "such action may be brought within three years of the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(2). Plaintiff filed the Amended Complaint to include the FMLA claim on April 29, 2005. Plaintiff was terminated from his employment on August 25, 2002. Whether Defendant willfully terminated Plaintiff's employment in light of the FMLA is a question of fact that cannot be determined at this stage of the proceedings. Plaintiff sufficiently alleges in the Amended Complaint that Defendant "engaged in willful disregard of Plaintiff's rights under the FMLA." Therefore, Plaintiff has sufficiently pled that he brought the action within the three years specified in the statute.

Defendant also argues that Plaintiff failed to comply with statutory requirements necessary to make a claim under FMLA. Specifically, Defendant contends that Plaintiff failed to provide 30 days' notice or as much as is practicable when he sought leave. "[T]he employee shall provide the

3

employer with not less than 30 days' notice, before the date the leave is to begin . . . except that if the date of the treatment requires leave to begin in less than 30 days, the employee shall provide notice as is practicable." 29 U.S.C. § 2612(e)(2)(B). Plaintiff alleges in the Amended Complaint that he "informed Defendant during the summer and fall of 2002 that his wife suffered from a serious health condition . . . and that he needed to provide care and support for her." Plaintiff further alleged that "due to his wife's condition, he would sometimes need to miss certain parts of certain days, for instance, reporting to work after the normal starting time." Plaintiff has sufficiently alleged that he gave defendant practicable notice of his wife's condition and his need to take leave of work.

Defendant also argues that Plaintiff failed to make a reasonable effort to avoid disrupting the operations of the Defendant. The FMLA states that the employee "shall make a reasonable effort to schedule the treatment so as not to disrupt unduly the operation of the employer." 29 U.S.C. § 2612(e)(2)(A). Plaintiff sufficiently alleged in the Amended Complaint that he gave Defendant advance notice of his wife's condition. Whether the notice was a reasonable effort to avoid disrupting the operations of the Defendant is a question of fact that cannot now be decided in a motion to dismiss.

Finally, Defendant argues that Plaintiff failed to submit evidence of his wife's condition upon request. "An employer may require that a request for leave under subparagraph (c) of section 2612(a)(1) of this title be supported by a certification issued by the health care provider of the eligible employee or of the . . . spouse . . . of the employee. The employee shall provide, in a timely

4

manner, a copy of such certification to the employer." 29 U.S.C. § 2613(a). Whether the Defendant requested evidence of Plaintiff's wife's condition is also a question of fact that cannot be decided in a motion to dismiss. Accordingly, Defendant's Motion to Dismiss Plaintiff's FMLA claim is denied.

### Title VII and ADEA Claims

The Defendant argues that the Plaintiff's Title VII and ADEA claims should be dismissed because the claims were not filed within the time permitted by the statutes. Specifically, Defendant argues Plaintiff's failure to receive the EEOC right-to-sue letter was due to his own fault.

In order to seek relief under Title VII or the ADEA, a plaintiff must file a charge of discrimination with the EEOC which then determines whether there is reasonable cause to believe the charge is true. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(b). A civil action may be brought "against the respondent named in the charge within 90 days after the date of the receipt of such notice" from the EEOC. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). The 90-day period to file a claim based on the EEOC right-to-sue letter begins to run upon the actual receipt of the letter. *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 532 (7th Cir. 1984). If the plaintiff fails to receive the EEOC letter not by his own fault, the 90-day notice to file rule does not apply. *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984). Plaintiff alleges he received the EEOC right to sue letter on May 3, 2004. Plaintiff filed the original Complaint within 90 days of his receipt of the letter on July 29, 2004. Plaintiff alleges that he notified both the EEOC and the post office as to his change of address. Whether Plaintiff is at fault for not receiving the letter earlier is a question of fact that cannot be decided in a motion to dismiss. Therefore, Plaintiff has sufficiently pled that he filed the original complaint within the required 90-day period.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss is denied. Furthermore, Plaintiff's Motion for Leave to File a Second Amended Complaint is granted. Plaintiff is given leave to file a Second Amended Complaint within 14 days of this Order. Defendant's Motion to Stay Discovery while the Motion to Dismiss is pending is denied as moot.

Dated: August 22, 2005

JOHN W. DARRAH
United States District Judge